IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY RAY BROWN,           )<br>      Petitioner,           )<br>                                       )<br>v.                                           )<br>                                       )<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division,                 )<br>      Respondent.         )  | No. 3:14-CV-1923-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I.  Type of Case**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**II.  Statement of the Case**

Petitioner pled guilty to theft of service of the value of more than $1,500 but less than $20,000, with two enhancement paragraphs. *State of Texas v. Bobby Ray Brown*, No. F-9802366-IW (363rd Dist. Ct., Dallas County, Tex. Aug. 25, 1999). He was sentenced to ten years deferred adjudication probation. Subsequently, the State moved to revoke Petitioner's probation. On August 9, 2002, the court granted the State's motion to revoke, and adjudicated

Petitioner guilty. The court sentenced Petitioner to twenty years in prison. On July 31, 2003, the Texas Fifth District Court of Appeals affirmed the conviction and sentence. *Brown v. State*, No. 05-02-01370-CR, 2003 WL 21757324 (Tex. App. – Dallas, 2003 no pet.).

In August, 2004, Petitioner filed a state petition for writ of habeas corpus. On May 24, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. Petitioner filed five additional state petitions for writ of habeas corpus. These petitions were all dismissed as subsequent petitions.

On May 19, 2014, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of counsel;

2. His sentence is illegal; and

3. His guilty plea was involuntary.

On October 2, 2014, Respondent filed his answer. On December 1, 2014,Petitioner filed a reply.

### III. Discussion

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentenced that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id*. at 836-37. To determine whether a petition is second or successive, the court analyzes whether the challenge he presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

On December 16, 2009, Petitioner filed his first § 2254 petition challenging a disciplinary proceeding. *Brown v. Thaler*, 5:09-CV-264-C (N.D. Tex.). On March 29, 2012, the court dismissed the petition with prejudice. On February 2, 2010, Petitioner filed his second § 2254 petition, which also challenged a disciplinary proceeding. *Brown v. Thaler*, 5:10-CV-016-C (N.D. Tex.). On December 3, 2012, the court dismissed the petition with prejudice.

On May 19, 2014, Petitioner filed the instant petition. At the time he filed his 2009 and 2010 petitions, however, he could have raised his current claims challenging his 2002 conviction. The current petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 23rd day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).